**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-60664-CIV-ALTONAGA/Goodman**

**GLORIA RUNTON**,

    Plaintiff,

v.

**BROOKDALE SENIOR LIVING, INC.**,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Preliminary Approval of Class Action Settlement and for Certification of the Settlement Class [ECF No. 135]. In accordance with Rule 23 of the Federal Rules of Civil Procedure, the Court has carefully considered the Settlement Agreement [ECF No. 135-1] executed on behalf of Plaintiff and Defendant. For the following reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Preliminary Approval of Class Action Settlement and for Certification of the Settlement Class **[ECF No. 135]** is **GRANTED**. The terms of the settlement are within the range of reasonableness and accordingly are preliminarily approved. In addition, the Court finds certification of the Settlement Class satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, and Plaintiff fairly and adequately represents the interests of the Settlement Class. This preliminary approval is subject to further consideration at the Final Approval Hearing.

2. For the reasons set forth below, subject to final approval, the Court preliminarily certifies the following Settlement Class:

> All persons who entered a Brookdale ALF in the State of Florida between April 4, 2013 and November 13, 2019, the present, whether currently or formerly residing, and who contracted with a Brookdale ALF for assisted living or memory care services but for whom there does not exist a signed arbitration agreement applicable to the services provided to them at a Brookdale ALF.

> Excluded from the Settlement Class are: (a) Brookdale and its employees, principals, affiliated entities, legal representatives, successors, and assigns; (b) any Claimant who files a valid, timely Request for Exclusion; (c) federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof); and (d) the judges to whom the action is assigned and any members of their immediate families.

3. The Court appoints the law firm of Kozyak Tropin & Throckmorton, LLP as Settlement Class Counsel.

4. The Court finds the class certification prerequisites set forth in Rules 23(a) and 23(b), Federal Rules of Civil Procedure — numerosity, commonality, typicality, and adequacy of representation — have been met; that common issues predominate over any possible individual issues that could be raised; that Defendant has acted on grounds generally applicable to all Settlement Class Members, thereby making the relief concerning the class as a whole appropriate; and that the class action is superior to other available methods for the fair and efficient adjudication of this controversy.

5. At the Final Approval Hearing, the Court will consider whether the terms of the Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class, and whether final orders and judgments in accordance with the terms of the Settlement Agreement should be entered.

6. The Court preliminarily finds the Settlement Agreement (1) was reached after arm's-length negotiations before a mediator, and after substantial factual and legal analyses

by the parties; and (2) provides substantial benefits to all Settlement Class Members, especially in the light of the risks associated with this litigation.

7. As provided in the Settlement Agreement, a monetary cash payment shall be paid to Settlement Class Members who submit an approved claim form in the form submitted with Plaintiff's Motion for Preliminary Approval of Class Settlement.

8. The Court approves, as to form and content, the Notice submitted by the parties and finds that the procedures described therein meet the requirements of Rule 23(e)(1) of the Federal Rules of Civil Procedure and due process and provide the best notice practicable under the circumstances. The proposed Class Notice — (i) published notice, (ii) internet notice, (iii) establishment of a settlement website, and (iv) direct mailing or emailing to those Settlement Class Members whose email or mail addresses Defendant actually has and can reasonably locate — is reasonably calculated to reach a substantial percentage, if not all, of the Settlement Class Members.

9. Defendant shall bear all costs related to the Notices and publication. Prior to the Final Approval Hearing, Defendant shall file proof, by affidavit, of the Notice and publication.

10. Class Members will have up to thirty (30) days before the Final Approval Hearing to opt-out of the Settlement. To opt-out, a Class Member must request to do so in writing and mail such request to the Settlement Claims Administrator. Any request to opt-out *must* include the following information: (1) the name of the case; (2) the complete legal name of the Class Member who wishes to be excluded; (3) the mailing address of the Class Member; (4) a statement that the Class Member wishes to be excluded from the Settlement; and (5) the Class Member's (or authorized

representative's) signature or, if the person (or authorized representative) is unable to sign, his/her/its legal representative or guardian's name and signature.

11. A Class Member who does not properly and timely exclude himself, herself, or itself from the Settlement Class will be bound by the Settlement Agreement and the Releases, as provided for therein, and by any judgments in this action.

12. To object to the Settlement, a Class Member must do so in writing no later than thirty (30) days prior to the Final Approval Hearing. The objection must contain: (1) the case name and number; (2) full name, mailing address, e-mail address, if any, and telephone number of the objecting Class Member and, if represented by counsel, of his/her counsel; (3) the basis for the objection; and (4) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

13. Subject to the Court's approval, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to the payment of attorneys' fees. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendant's Counsel (at the addresses listed below in paragraph 15), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before thirty (30) days prior to the Final Approval Hearing.

14. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with

the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

15. Any objection must be mailed to Settlement Class Counsel Gail A. McQuilkin, Esq., Kozyak Tropin & Throckmorton, LLP, 2525 Ponce de Leon Blvd., 9th Floor, Coral Gables, Florida 33134; with a copy to Defendant's counsel Erica W. Rutner, Esq., Lash & Goldberg LLP, Miami Tower, 100 Southeast 2nd Street, Suite 1200, Miami, Florida 33131. The objection must be postmarked by no later than thirty (30) days before the Final Approval Hearing. Settlement Class Counsel shall be obliged to file all responses to objections with the Court five (5) days prior to the Final Approval Hearing.

16. Subject to the terms for objections set forth above and in the Settlement Agreement and Notice, a Settlement Class Member may appear at the Final Approval Hearing to show cause on the issue of whether any of the terms of the settlement should be approved as fair, reasonable and adequate, or whether judgment should be entered upon them.

17. Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the settlement, or Settlement Class Counsel's Motion for Attorneys' Fees and Expenses.

18. The Final Approval Hearing will be held before thes Court at the United States District Court for the Southern District of Florida, on **March 23, 2020** at 1:00 p.m.,

to consider the fairness, reasonableness and adequacy of the proposed settlement and to determine whether the settlement should be finally approved.

19. The Court retains jurisdiction of this action for all purposes.

**DONE AND ORDERED** in Miami, Florida, this 13th day of November, 2019.

*[signature]*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record